UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID HART BREEN, ) <br> ) <br> Appellant, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> WILLIAM K. STEPHENSON, JR., ) <br> TRUSTEE, ) <br> ) <br> Appellee. ) <br> _____ ) | Civil Action No.: 4:08-0804-TLW-TER <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

Presently before the court is David Hart Breen's (the Appellant or the Debtor) Appeal of the Bankruptcy Court's denial of his Motion for Reconsideration of the Order of Dismissal. Appellant's Notice of Appeal (Document # 1) was filed on March 6, 2008. The Record on Appeal (Document # 4) was filed March 11, 2008. On April 22, 2008, Appellant filed his Brief (Document # 9). The Trustee, William K. Stephenson (the Appellee or the Trustee) filed his response Brief (Document # 10) on April 24, 2008.

All proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. This Report and Recommendation is entered for review by the District Judge.

**II.     FACTUAL AND PROCEDURAL HISTORY**

The Appellant filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 7, 2007. The Appellee was appointed Trustee. On June 22, 2007, the Appellant filed a plan[1]

---

[1] This plan is not included in the record.

pursuant to Chapter 13 (the Chapter 13 plan).  See Order dated August 16, 2007.[2]  On July 12, 2007, a meeting of creditors was held.  Transcript of 341 Meeting dated July 12, 2007.  On August 16, 2007, a confirmation hearing was held before the Honorable Helen Elizabeth Burris.  During the hearing, the Trustee noted that he had requested and had no record of receiving, a completed self-employment questionnaire, a proposed business budget, a copy of the debtor's 2006 income tax return, proof that he filed his 2005 income tax return, copies of documents creating an irrevocable trust in the name of Pamela Breen and bank statements from that trust, copies of documents creating a remainder interest in which the debtor had an interest, a list of all estates, or all assets, including values, in an estate in which the debtor has an interest, and a breakdown of amounts in the debtor's trust accounts.  See Transcript of Confirmation Hearing.  That same day, the bankruptcy judge entered what appears to be a form order regarding the Chapter 13 plan, which states,

> The plan does not currently comply with the requirements of Chapter 13.  Therefore, confirmation of the plan as presently filed is denied.  The debtor(s) is/are given ten (10) days from the date of this Order within which to propose and file and amended plan, along with an affidavit which certifies that a copy of such amended plan was mailed to the holder of any claim whose rights may have been adversely affected by any amendment to the plan as previously filed.  If no such amended plan and/or certificate of mailing is filed, this case may be dismissed without further notice or hearing.  If filed, the amended plan may be confirmed without further notice or hearing upon the trustee's recommendation.

Order dated August 16, 2007.  The Order further stated that "[a]ny other conditions incident to confirmation which may have been made orally by the Court during the hearing are hereby made a part of this order."  Id.

On October 12, 2007, an Affidavit of Default was filed, signed by Chi Anne Walling with

---

[2] All documents cited in this Report and Recommendation are included in the Record of Appeal (Document # 4).

the office of the Trustee, indicating that the Appellant had not provided certain documents requested in writing by the Trustee pursuant to SC LBR 3015-2[3] within the time period allotted and that the Appellant was therefore in default under that rule. See Affidavit of Default. On October 16, 2007, the bankruptcy judge entered an Order of Dismissal, which stated,

> It appears that certain documents were requested in writing by the Chapter 13 Trustee and not provided within the time period allotted, pursuant to SC LBR 3015-2.
> Therefore, based on the Affidavit of Default submitted by the Trustee's office and on the motion of the Chapter 13 Trustee, it is hereby ORDERED that the case is dismissed pursuant to SC LBR 3015-2.

Order dated October 16, 2007.

The Appellant filed a Motion to Reconsider on October 23, 2007, in which the Appellant states,

> The basis for this motion is that the Debtor has heretofore provided documents and

---

[3] SC LBR 3015-2 provides that a case may be dismissed for failure to produce documents requested by the Trustee upon the filing of an affidavit of such default. The following documents may be requested: (1) The most recent real estate tax appraisals covering all parcels of debtor's real property, (2) Post-petition domestic support certificate signed and dated through the month of the confirmation hearing, (3) The amount of the most recent year's income tax refund received by debtor, for both state and federal returns, (4) Proof that all required income tax returns have been filed, (5) Final, signed copies of the most recent year's federal and state income tax returns (including all attached schedules), (6) Amended Schedules if identified as necessary by the chapter 13 trustee, (7) Amended Statement of Financial Affairs if identified as necessary by the chapter 13 trustee, (8) Amended Petition or Form 21 correcting the debtor's name and/or social security number if identified as necessary by the chapter 13 trustee, (9) In any case involving a self-employed debtor, a completed self-employment questionnaire, business budget, and final, signed copies of the business's most recent year's federal and state income tax returns (including all attached schedules), (10) Proof of charitable contributions made by the debtor, (11) An itemization of unreimbursed medical expenses, (12) An itemization of a non-filing spouse's monthly expenses, including the balance owed on each debt, (13) Copies of the debtor's pay stubs and W-2 forms, (14) Any other item not specified above which is reasonably related to the administration of the case and which the chapter 13 trustee requested either orally at the 11 U.S.C. § 341 meeting or in writing prior to the confirmation hearing.

> information to his attorney to give to the Trustee; that the Trustee has received documents from the Debtor but claimed in his Affidavit in support of the Order of Dismissal submitted to this Honorable Court that certain unspecified documents were not received; that some of these unspecified documents requested by the Trustee are not in the possession, custody, or control of the Debtor since they are owned by and relate solely to his spouse who has not filed Bankruptcy.

Motion to Reconsider. At the hearing on the Motion to Reconsider, held November 20, 2007, the Appellant stated that he had given all the documents and information that he had in his possession to his attorney and that it was his understanding that his attorney had transmitted those documents to the Trustee. Transcript of Hearing on Motion to Reconsider at 4. The Appellant argued that some of the documents requested by the Trustee related solely to his wife, who was not a party to the bankruptcy action, and the Trustee should subpoena the documents or take some other measure to get them rather than through him. Id. The Trustee argued that the Appellant never petitioned the court for relief from producing the requested documents, he simply failed to produce them. Id. at 6. The Trustee also noted that the Appellant was behind on the plan payments, to which the Appellant responded that he "had wanted to file an amended plan to reduce the plan payment." Id. at 7.

The bankruptcy judge concluded that there were no grounds under Rule 60 that would provide the Appellant with relief. Id. at 17. The judge also noted that, even in there were grounds to grant relief under Rule 60, the Appellant was behind in his plan payments and the case could not be reopened if he was not current. Id. The bankruptcy judge entered an Order denying the Motion to Reconsider on November 20, 2007. Appellant filed his Notice of Appeal on November 27, 2007.

**III.    STATEMENT OF ISSUES TO BE PRESENTED**

In his Statement of Issues to be Presented[4], Appellant set forth the following issues:

1. Did the Trustee-Appellee permit, and the Court err by accepting, a non attorney employee in the Trustee's Office to electronically sign an Affidavit of Default the contents of which said Affiant knew or should have know [sic] were incomplete, missing, and improper.
2. Did the Court err by accepting, relying and acting upon the Affidavit of Default which was not signed by the Chapter 13 Trustee.
3. Did the Court err by failing to grant the Debtor's Motion to Reconsider when the evidence clearly did not justify the Trustee filing an Affidavit of Default for not receiving documents it knew were not within the custody, possession and or control of the Debtor.
4. Did the Court err in failing to grant the Debtor's Motion to Reconsider when the preponderance of the evidence established that the Debtor's attorney had responded to a request for information from the Trustee, communicated information at the First Meeting of Creditors, had spoken at length to an attorney in his office and had supplied the relevant information and documents.
5. Did the Court err in failing to grant the Debtor's Motion to Reconsider when the preponderance of the evidence established that the Trustee's document request and actions thereafter in obtaining a dismissal of the Debtor's bankruptcy case were unreasonable, arbitrary, capricious, motivated by the Trustee's ill will towards the Debtor in his desire to assist the Internal Revenue Service (a creditor of the Debtor) obtain information and documents concerning the Debtor's spouse.

Statement of Issues to be Presented; see Document # 4-10.

**IV.    STANDARD OF REVIEW**

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). However, a court may not construct the plaintiff's legal arguments for him, Small v.

---

[4]This document was filed with the Bankruptcy Court and is included in the Record on Appeal.

-5-

Endicott, 998 F.2d 411 (7th Cir. 1993), nor should it "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Appellant's Motion for Reconsideration did not set forth the legal basis for the motion. "In cases where a party submits a motion such as [Appellant's], which is unnamed[5] and does not refer to a specific Federal Rule of Civil Procedure[6], the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992) (citing Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir.1988)). At the hearing on the Motion for Reconsideration, the bankruptcy judge construed the motion as one under Rule 60, Fed.R.Civ.P. The Appellant did not object to the bankruptcy judge's application of Rule 60, nor does he raise that issue in this appeal. In addition, Plaintiff appeals the bankruptcy court's order denying his Motion for Reconsideration. He does not appeal the underlying order dismissing his case. Thus, the standard of review applicable here is that for the denial of a Rule 60 motion.

"In ruling on an appeal from a denial of a Rule 60(b) motion this Court may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." Id. at 3 (citing Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988); cf. Tilley v. United States, 375 F.2d 678, 684 (4th Cir.1967)). The bankruptcy court's decision to deny the

---

[5]The fact that the Appellant names his motion a Motion for Reconsideration is not helpful since neither Rule 59(e) nor Rule 60(b) use the word "reconsider."

[6]Rules 9023 and 9024, Fed.R.Bank.P. provide that Rules 59 and 60, Fed.R.Civ.P., apply to bankruptcy cases.

motion is reviewable under an abuse of discretion standard. Id. (citing Browder, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; Sanders, 862 F.2d at 169; Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982)).

## V.     DISCUSSION

In ruling on a motion filed pursuant to Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding if it finds mistake, inadvertence, surprise, neglect, newly discovered evidence, fraud, misrepresentation or misconduct. Rule 60(b), Fed.R.Civ.P. A review of the transcript of the hearing on the Motion for Reconsideration reveals that the bankruptcy judge noted that this was the standard she must apply to the Appellant's motion. She concluded that the Appellant had not presented anything in his motion or during the hearing that would change her ruling to dismiss the case pursuant to SCLBR 3015-2. The bankruptcy judge noted that the local rule that allows the Trustee to request information is rather broad and that the Appellant failed to bring before the court any dispute regarding the Trustee's request. Transcript of Hearing on Motion for Reconsideration at 5. The court also noted that, to date, the requested documents still had not been produced and that the Appellant was not current with his payments under the plan. The judge concluded that dismissal under SCLBR 3015-2 was proper and denied the Motion for Reconsideration. In this appeal, the Appellant fails to meet his burden of showing and this court finds no indication that the bankruptcy court abused its discretion in denying the Motion for Reconsideration of the dismissal pursuant to SCLBR 3015-2.

Plaintiff also asserts in this appeal that the court erred in accepting and relying upon the affidavit signed by a non-attorney employee in the Trustee's office when it dismissed the case. However, this issue was not presented to the bankruptcy judge in either the Motion for

Reconsideration or the hearing on the motion.  Thus, it is not properly before this court for review.

## VI. CONCLUSION

In light of the above analysis, it is recommended that the bankruptcy court's Order denying the Appellant's Motion for Reconsideration be affirmed.

 s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

January 21, 2009<br>
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**